# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL OWEN HAMILTON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 17-CV-664-TCK-FHM |
| JIMMY MARTIN, Warden, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner Paul Hamilton, a state inmate appearing *pro se*, commenced this action on December 11, 2017, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). He challenges the constitutional validity of the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2014-171. Respondent filed a response in opposition to the petition (Dkt. # 7) and provided the state court records (Dkt. ## 7, 8, 9) necessary to adjudicate Petitioner's claims. Petitioner timely filed a reply (Dkt. # 12) on April 12, 2018.

Before the Court is Petitioner's motion to supplement the record (Dkt. # 13), filed May 3, 2018. Respondent filed a response in opposition to the motion (Dkt. # 14). For the reasons discussed below, the Court denies Petitioner's motion.

## I.

As stated, Petitioner seeks federal habeas relief from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2014-171. In that case, a jury convicted Petitioner of distribution of child pornography, in violation of OKLA. STAT. tit. 21, § 1021.2 (Count 1), and aggravated possession of child pornography, in violation of OKLA. STAT. tit. 21, § 1040.12a (Count 2). Dkt. # 1, at 2. Consistent with the jury's sentencing

recommendations, the trial court imposed a 10-year prison sentence and $15,000 fine as to Count 1 and a 25-year prison sentence and $10,000 fine as to Count 2. *Id.* The trial court ordered the sentences to be served consecutively, beginning with the 25-year prison term, and suspended the last 5 years of the 10-year prison term. *Id.*

Represented by counsel, Petitioner filed a direct appeal with the Oklahoma Court of Criminal Appeals (OCCA), raising four propositions of error: (1) the State failed to present sufficient evidence to support his convictions (Propositions 1 and 2), the trial court erroneously interpreted the statutory language as to Count 2 (Proposition 3), and the trial court imposed an excessive sentence (Proposition 4). *Id.* at 3. In a published opinion filed June 1, 2016, the OCCA rejected Petitioner's claims and affirmed the judgment and sentence of the state district court. *Hamilton v. State*, 387 P.3d 903 (Okla. Crim. App. 2016); *see* Dkt. # 7-3.

On September 12, 2016, Petitioner filed a *pro se* application for post-conviction relief, asserting four substantive propositions of error: (1) he received ineffective of trial and appellate counsel (Propositions 1 and 2), the State failed to disclose exculpatory evidence before trial (Proposition 3), and "fundamental error occurring at trial denied [him] a fair trial" (Proposition 4). Dkt. # 7-4, at 3. Petitioner also asserted he was entitled to transcripts at public expense and an evidentiary hearing. *Id.* By order filed April 21, 2017, the state district court determined Petitioner did not make the requisite showings to support an evidentiary hearing, did not show a "material need" for transcripts at public expense, and denied Petitioner's application for post-conviction relief. *Id.* at 1, 10-11. Petitioner filed a post-conviction appeal on May 18, 2017, asserting the same four substantive propositions of error and alleging the state district court violated his procedural due process rights by denying his request for transcripts and ruling on the application before Petitioner could file a reply to the State's response. Dkt. # 7-5, at 5-12. By

order filed June 30, 2017, in Case No. PC-2017-517, the OCCA affirmed the state district court's order denying relief. Dkt. # 7-6.

Petitioner filed the instant habeas petition on December 11, 2017. Dkt. # 1. He seeks habeas relief on eight grounds:

Ground 1: The evidence was insufficient to prove beyond a reasonable doubt that Mr. Hamilton knowingly distributed child pornography in violation of the V, VI, VIII and XIV Amendments to [the] United States Constitution.

Ground 2: The evidence was insufficient to prove beyond a reasonable doubt that Mr. Hamilton knowingly possessed child pornography in violation of the V, VI and XIV Amendments to [the] United States Constitution.

Ground 3: The district court's interpretation of the statutory language with respect to the offense charge[d] in Count 2 of the Information and the facts underlying Mr. Hamilton's alleged offense was erroneous in violation of the V, VI and XIV Amendments to [the] United States Constitution.

Ground 4: Mr. Hamilton's sentence is excessive and should be modified.

Ground 5: Petitioner Mr. Hamilton was denied Sixth Amendment effective assistance of appellate counsel in violation of the V, VI, VII and XIV Amendments to [the] United States Constitution.

Ground 6: Petitioner was denied Sixth Amendment effective assistance of trial counsel in violation of the V, VI and XIV Amendments to [the] United States Constitution.

Ground 7: The State prosecutor failed to disclose exculpatory evidence to the defense prior to trial in violation of the V, VI, and XIV Amendments to the United States Constitution.

Ground 8: The fundamental error occurring at trial denied Mr. Hamilton a fair trial under the equal protection clause that resulted in a wrongful conviction was a "fundamental miscarriage of justice," in violation of the V, VI, and XIV Amendments to the United States Constitution.

Dkt. # 1, at 5-6.

Respondent concedes the petition was timely filed and that Petitioner exhausted the habeas claims presented in Grounds 1 through 4 by presenting them to the OCCA on direct appeal. Dkt.

# 7, at 2. Petitioner contends, however, that 28 U.S.C. § 2254(d) bars habeas relief as to Grounds 1 through 3, and that Ground 4 alleges only an error of state law. *Id.* at 11-33. Respondent contends Petitioner failed to exhaust all arguments presented in support of his Ground 5 claim and the unexhausted portions of Ground 5 are thus subject to anticipatory procedural bar. *Id.* at 2, 46-52. As to the exhausted portions of Ground 5, Respondent contends § 2254(d) bars habeas relief. *Id.* at 37-46. Finally, Respondent contends Petitioner procedurally defaulted the claims asserted in Grounds 6 through 8 as indicated by the OCCA's finding that Petitioner waived those claims by failing to raise them on direct appeal. *Id.* at 2, 33-36.

In his reply, Petitioner asserts, *inter alia*, that a fundamental miscarriage of justice has occurred because he was wrongfully "convicted for a crime for which he did not commit," that he is "actually and factually innocent," and that he was denied due process during state post-conviction proceedings. Dkt. # 12, at 1 n.1, 10, 21, 29-30, 32 n.7, 40, 44-45, 48.

## II.

In his motion to supplement the record, Petitioner seeks leave to submit "new evidence" that he claims will "resolve material issues of fact" and "that would have changed the outcome of the trial" in his favor. Dkt. # 13, at 1-2. The evidence submitted with his motion to supplement the record consists of letters and other documents from a private investigation firm Petitioner retained in November 2016 following his direct appeal. *Id.*; Dkt. # 13-1.

Respondent opposes expansion of the record, arguing the proffered documents are hearsay, do not support any claim of constitutional error and, in any event, were not part of the state court record and thus may not be considered on habeas review in light of *Cullen v. Pinholster*, 563 U.S. 170 (2011). Dkt. # 14, at 1-3.

Under Rule 7(a), *Rules Governing Section 2254 Cases in the United States District Courts*,

4

when a habeas petition is not dismissed, the district court "may direct the parties to expand the record by submitting additional materials relating to the petition." The types of materials that may be submitted "include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge." Rule 7(b), *Rules Governing Section 2254 Cases in the United States District Courts*. In *Pinholster*, the United States Supreme Court held "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." 563 U.S. at 181. While *Pinholster* considered expanding the record through an evidentiary hearing in federal district court, the *Pinholster* rule "applies with equal force to any expansion of the record under Habeas Rule 7." *Champ v. Zavaras*, 431 F. App'x 641, 655 (10th Cir. 2011) (unpublished).[1]

Having reviewed the proffered "new evidence" that Petitioner seeks leave to submit, the Court denies Petitioner's motion to supplement the record for two reasons. First, to the extent Petitioner seeks to submit this "new evidence" to bolster his constitutional claims that were adjudicated on the merits in state court, the Court agrees with Respondent that *Pinholster* precludes expansion of the record. Section 2254(d) strictly circumscribes federal habeas review of claims adjudicated on the merits in state court, and *Pinholster* explains that "a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." 563 U.S. at 185. As noted in *Pinholster*, § 2254(d)(2)'s plain language also limits habeas review to "the evidence presented in the State court proceeding. 563 U.S. at 185 n.7. And *Champ* confirms that the *Pinholster* rule applies whether the record is supplemented through an evidentiary hearing or through expansion of the record under Rule 7. 431 F. App'x at 655. In

---

[1] The Court cites *Champ* for its persuasive value, not as binding precedent. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

light of *Pinholster* and *Champ*, the Court cannot consider the proffered "new evidence" in reviewing any claims that were adjudicated on the merits in state court. Thus, to the extent Petitioner requests expansion of the record for that purpose, his request is denied.

Second, to the extent Petitioner seeks to submit this "new evidence" to support his assertions of "actual innocence" and to show that his procedurally defaulted claims should be considered, he raises a "gateway" or *Schlup* claim of actual innocence.[2] *See House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). As previously stated, Respondent contends that several of Petitioner's claims are either unexhausted or procedurally barred. Dkt. # 7, at 2. For purposes of resolving the instant motion, the Court assumes without deciding that Respondent has correctly characterized these claims as procedurally defaulted either because Petitioner did not fairly present them on direct appeal or in state post-conviction proceedings or because the state courts found the claims procedurally barred for failure to comply with independent and adequate state procedural rules. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) ("[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule."); 28 U.S.C. § 2254(b)(1)(A) (requiring state prisoner to exhaust state remedies); *Grant v. Royal*, 886 F.3d 874, 890 (10th Cir. 2018) (explaining that state prisoner can satisfy exhaustion requirement by "provid[ing] state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim" (quoting *Anderson v. Harless*,

---

[2] As discussed, Petitioner asserts his innocence throughout his reply brief. Dkt. # 12, at Dkt. # 12, at 1 n.1, 10, 21, 29-30, 32 n.7, 40, 44-45, 48. Whether he makes these assertions to show that his procedurally defaulted claims should be considered is not clear. *Id.* However, because Petitioner appears *pro se*, the Court liberally construes his pleadings as asserting a "gateway" actual-innocence claim. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

459 U.S. 4, 6 (1982))).

As a preliminary matter, it is not clear that the *Pinholster* rule precludes expansion of the record with respect to considering new evidence proffered to excuse a procedurally defaulted claim. The question presented in *Pinholster* was "whether review under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court." 563 U.S. at 180. While *Champ* clarifies that the *Pinholster* rule applies to expanding the record under Rule 7, neither case addressed consideration of "new evidence" for purposes of determining whether a petitioner can overcome a procedural default. Notably, procedurally defaulted claims are not reviewed under § 2254(d) because those claims were not adjudicated on the merits in state court. Rather, federal habeas review of procedurally defaulted claims is barred altogether unless a petitioner can show "cause" to excuse the procedural default and "actual prejudice" or that a "fundamental miscarriage of justice" will result if the federal habeas court declines to review his claims. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. *Id.* The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime for which he was convicted. *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). To support a credible claim of actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schulp*, 513 U.S. at 327. This ordinarily "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or

7

critical physical evidence—that was not presented at trial." *Id.* at 324. Because *Coleman* and *Schlup* generally require a petitioner to present "new evidence" to overcome a procedural default, the Court finds that Rule 7 permits, and *Pinholster* does not preclude, expansion of the record for this purpose. Nonetheless, Petitioner's proffered evidence is not the kind of evidence contemplated in *Schlup*. Petitioner's "new evidence" consists of: (1) correspondence between Petitioner and a private investigator showing that Petitioner retained the services of the investigator and provided the investigator with certain areas of focus for the investigation, Dkt. # 13-1, at 2-5, 12-17; (2) an invoice showing time and money spent during the investigation, *id.* at 6-7; (3) the investigator's "case log" further detailing tasks the investigator performed during the investigation, *id.* at 8-11; (4) a mostly blank post-trial interview questionnaire, *id.* at 18; (5) a list of jurors, *id.* at 19; (6) an email sent to the investigator by a computer forensic expert who reviewed the case file, *id.* at 20-21; and (7) an email from Petitioner's brother to Petitioner providing a copy of the public docket sheet for the instant habeas case, *id.* at 22-23. The only document that appears potentially relevant to Petitioner's "gateway" actual-innocence claim is the email from the computer forensic expert to the investigator. In that email, the expert opines that the warrant authorizing the search of Petitioner's computer was deficient in describing the types of images to be located and points out weaknesses in the State's evidence. The problem for Petitioner, however, is that the expert's opinions are based on his review of the case file, i.e., his review of evidence that was either available before trial or presented during trial. The expert's opinions as to perceived deficiencies in "old" evidence is not the kind of "new" evidence contemplated by *Schlup*. As a result, the proffered evidence is not relevant to Petitioner's "gateway" actual-innocence claim and does not support his request for expansion of the record.

For these reasons, the Court denies Petitioner's motion to supplement the record.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Petitioner's motion to supplement the record (Dkt. # 13) is **denied**.

**DATED** this 23rd day of October 2018.

*Terence Kern*
**TERENCE KERN**
**United States District Judge**